UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. LYLE,

          Plaintiffs,

                                                Case No. 04-CV-72684
vs.                                          HON. GEORGE CARAM STEEH

FRANK OLNEY, et al.,

          Defendants.
_____/

<u>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S
ORDER DENYING MOTION TO AMEND COMPLAINT AND ACCEPTING
REPORT AND RECOMMENDATION REGARDING DEFENDANTS CARUSO,
BROWN, AND GIRARD'S MOTION TO DISMISS</u>

      Before the court in this 42 U.S.C. § 1983 action, brought in *pro per* by prisoner Roger L. Lyle, are 1) Magistrate Judge Steven Pepe's order denying plaintiff's motion to amend the complaint to add new defendants Swintec Corporation and the "Dean" of Jackson Community College, filed March 31, 2005; 2) Magistrate Pepe's report and recommendation to dismiss all claims pending against the remaining defendants, also filed March 31, 2005; and 3) Plaintiff's objections to both the order and the report and recommendation, filed on April 8, 2005.

      Concerning the objections to the magistrate's order denying plaintiff's motion to amend (contained on pp. 5-6 of plaintiff's objections), the court finds these to be without merit. Plaintiff's proposed additional counts concern his experience at Jackson Community College ("JCC") and a defective typewriter allegedly manufactured by Swintec Corporation. The magistrate's order

1

determining that plaintiff's proposed additional counts fail to state a claim cognizable in this action, thus determining that amendment would be futile, and accordingly denying plaintiff's motion to amend, has not been shown to be clearly erroneous or contrary to law, as required by 28 U.S.C. § 636(b)(1)(A) for reversal.

Plaintiff's objections to the magistrate's report and recommendation to dismiss the action are contained in pages one through four of his submission. His objections numbered 1 and 2 do not object to any actual findings or recommendations made by the magistrate, so the court will not address them.

Plaintiff's third objection concerns dismissal of claims against MDOC Director Caruso, and states that he has "a first amendment right for grievance exhaustion including administrative due process rights that require defendant Director MDOC to provide Freedom of Information Act response."  Although plaintiff's argument is not easily understood, he appears to be asserting that the court should maintain claims against the MDOC Director, because his grievances are filed with that office.  For the reasons given by the magistrate, including that claims against a supervisor "must be based on more than respondeat superior," citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) and Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), among other cases, and that claims concerning grievances are not constitutional claims which can be heard under 42 U.S.C. § 1983, plaintiff's objections to dismissal of defendant Caruso will not prevail.

Plaintiff's fourth objection states "[c]laims related to the denial of grievances do state a constitutional claim under Fist (sic) Amendment," and cites to Walker v. Mintzes, 771 F.2d 920, 932.  Plaintiff appears to be making a further objection to the recommended dismissal of defendant Caruso.  However, plaintiff's authority does not address the legal issues he claims it does.  As stated in an unpublished Sixth Circuit case cited by defendants, involving § 1983 claims for alleged denial of adequate medical care, '[t]he denial of the grievance is not the same as the denial of a request to receive medical care."  Martin v. Harvey, 14 Fed.Appx. 307 (6th Cir. 2001) (unpublished).  Defendant Caruso's role as Director of MDOC, without specific allegations connecting her to an alleged constitutional violation, does not allow plaintiff to maintain claims against her.

Similar to those asserted against defendant MDOC Director Caruso, the claims against defendant Saginaw County Sheriff Charles Brown[1] are not constitutional claims that may be heard under 42 U.S.C. §1983.  Plaintiff claims that defendant Brown, a Saginaw County Sheriff, mishandled and restricted mail between himself and his brother, along with several female inmates, who were inmates at the Saginaw County Jail and later mishandled Plaintiff's grievances in response the issues with the mail.  Plaintiff also composed a letter with a subject heading of "grievance complaint", in which he demands a large sum of money, but claims to be willing to settle.  The letter states that the sheriff has five working days to respond or the grievance complaint will be considered denied and legal

---

[1] Defendant Arnold Burns has already been dismissed from this action.  The court acknowledges the typographical error in the magistrate's report and recommendation, at footnote #2, which stated it was defendant Brown who had been dismissed by the undersigned.

3

action will be commenced.  A subsequent letter was then sent to Sheriff Brown again stating that legal action will be commenced if no response is made.

Plaintiff's claims against defendant are without merit.  First, the grievance process is an avenue afforded inmates at the Saginaw County Jail, however, Plaintiff was at no time incarcerated at the Saginaw County Jail.  Plaintiff was incarcerated at the Lakeland Correctional facility and therefore not entitled to file a grievance against Saginaw County Sheriff Brown.  Any injury sustained in this instance was to individuals other than the Plaintiff.  As a result, Plaintiff lacks standing to bring the present action on the grounds that he did not suffer any injury as a result an illegal action.  See U.S. v. Hays, 515 U.S. 737 (1995) and Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).

The Prison Litigation Act of 1995 ("PLRA") requires inmates to exhaust all administrative avenues prior to bringing a federal claim based on prison conditions.  42 U.S.C. § 1997e(a).  A prisoner may not bring a civil action, unless administrative remedies have been exhausted.  According to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1987e(a).  The Sixth Circuit has held in its application of the PLRA that a prisoner filing a § 1983 claim involving prison conditions must allege and show that he has exhausted all available state administrative remedies.  Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998).  In Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002), the Court held that failure to

4

demonstrate exhaustion with the complaint will result in dismissal for failure to state a claim.  Plaintiff has failed to provide any exhibts or any other proof of exhaustion relating to the mail between Plaintiff and the inmates at the Saginaw County Jail.  As such, Plaintiff has failed to state a claim for which relief can be granted.

Finally, Plaintiff has failed to provide evidence to establish defendant Saginaw County Sheriff Brown's personal involvement in any illegal activity.  Plaintiff's claims against Sheriff Brown are supervisory in nature.  The magistrate's report demonstrated the Sixth Circuit's holding that section 1983 claims must be based on more than simply respondeat superior, and cannot be premised solely on a failure to act.  To bring a complaint against supervisory officials under section 1983, definite action by the supervisor must be shown.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Again, Plaintiff has failed to provide any evidence or information to suggest the defendant Brown had any involvement, explicit or implied, in the claim, which Plaintiff brings before this Court.  The claims Plaintiff has brought against Saginaw County Sheriff Brown do not allow him to maintain his cause of action.

Plaintiff's assertions against Sandra Girard, Esq., executive director of Prison Legal Services, are also unwarranted.  Plaintiff claims that Ms. Girard failed to induce strict compliance with the settlement agreement due to the fact

5

that he is not currently employed as a prison legal writer, though he has training. He also claims that other inmates currently in the position have less training. Plaintiff bases his assertion on Cain v. Michigan Dept. of Corrections, Case# 88-61119-AZ (Mich. Ct. Claims 2003), part of which involves training requirements for prison law library staff.  Plaintiff asserts that if the Cain opinion is followed, there will be no choice other than to restore him to his former library position. Plaintiff has provided exhibits, including an October 22, 2003, letter to Ms. Girard requesting more information on the arbitration process.

Plaintiff suggests that the only way to enforce these provisions is to restore him to his library position and to award him lost wages.  Plaintiff also asserts that TABE testing is an irrelevant factor in the decision to place him back in the library.[2]  Plaintiff's arguments are without merit, because the Cain settlement does not specifically state that Plaintiff Roger Lyle must be hired as a legal writer.  It merely speaks of the training required of legal writers, and at this time the MDOC prison officials are taking affirmative steps to ensure that such training is provided.  Aside from any settlement "contract" rights, Plaintiff has no federal constitutional claims as to employment as a legal writer in the prison law library.  As this Court has previously stated, there is no constitutional right to a particular prison job or particular prison wage.  Newton v. Norris, 888 F.2d 371, 374 (6th Cir. 1989).

---

[2] The position that Plaintiff is referring to requires the individual to obtain TABE test results showing an 11th grade reading and math level, or a high school diploma or college credits. Plaintiff took the test, which he claims not to have needed to do, showing math and reading levels at less than a seventh grade level.

6

Lastly, Plaintiff cites Spruytte v. Hoffner, 181 F.Supp.2d 736, 744 n.7 (W.D.Mich.2001) to support his claim. Spruytte dealt with retaliatory transfers and assignments to lower paying jobs. The award of lost wages there was predicated on a separate and distinct constitutional violation – the retaliatory transfer. This clearly is not the case here. Therefore, Spruytte does not apply and defendant Girard should be dismissed from these proceedings.

Accordingly, Plaintiff's objections to the magistrate's order denying his motion to amend the complaint are overruled, and the report and recommendation regarding defendants Caruso, Brown, and Girard's motion to dismiss is adopted by the court[3]. Accordingly, Plaintiff's complaint is hereby dismissed in its entirety

      s/George Caram Steeh  
      GEORGE CARAM STEEH  
      UNITED STATES DISTRICT JUDGE

Dated: September 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 21, 2005, by electronic and/or ordinary mail.

      s/Josephine Chaffee  
      Secretary/Deputy Clerk

---

[3] Plaintiff wrote this Court on September 6, 2005, inquiring about the status of these proceedings and whether invoice number 05-409, dated August 30, 2005, which he received, was the Court's order and opinion. As of the date of receipt of this letter by the Court, the Court had yet to render its opinion.