UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. LYLE,

        Plaintiff,

                                          Case No. 04-CV-72684

vs.                                         HON. GEORGE CARAM STEEH

FRANK OLNEY, et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Roger Lyle is an inmate in the custody of the Michigan Department of Corrections ("MDOC"), who filed a *pro se* civil action pursuant to 42 U.S.C. § 1983. On September 21, 2005, this court issued its final order overruling plaintiff's objections to magistrate's order denying motion to amend complaint and accepting report and recommendation regarding defendants Caruso, Brown, and Girard's motion to dismiss. This order had the effect of dismissing plaintiff's case in its entirety. Plaintiff has now filed a motion for reconsideration, claiming an obvious mistake on the part of this court, which if corrected, will result in a different disposition of this case.[1]

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A

---

[1] (See Plaintiff's motion for reconsideration, ¶ 1).

1

"palpable defect" is a defect, which is obvious, clear, unmistakable, manifest or plain. Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reason of implication" shall not be granted. L.R. 7.1(g)(3).

Plaintiff has not demonstrated that a palpable defect occurred in this court's decision to accept the magistrate's report and recommendation and to dismiss defendants Caruso, Brown, and Girard. For the following reasons, this court does not find error in its previous judgment and hereby DENIES plaintiff's motion for reconsideration.

Plaintiff first asserts error in this court's determination that plaintiff's proposed additional counts fail to state a claim upon which relief may be granted and thus are futile, failing to meet the requirement of 28 U.S.C. § 636(b)(1)(a). Specifically, plaintiff alleges this court has overlooked a violation of his substantive due process rights, in that he was unable to complete a legal assistant program. Plaintiff cites to Regents of the University of Michigan v. Ewing, 474 U.S. 214 (1985), where the Supreme Court stated,

> even if a student's assumed property interest in a six-year program of study culminating in an undergraduate degree and a medical degree gave rise to a substantive right under due process clause to continued enrollment free from arbitrary state action, the student's dismissal, when he failed an examination required to complete the final two years of the program, did not result in a due process violation.

Plaintiff is mistaken in his contention that the present case is distinguishable from Ewing.  In Ewing, dismissal from an academic program due to a failed entrance exam was held to not be a violation of due process.  In the present case, plaintiff's TABE[2] results reflected a reading level far below that required for work in the prison's legal assistance program.  It thus appears that plaintiff's situation is in fact parallel to that in Ewing.  Plaintiff's substantive due process rights were not violated.  Furthermore, the MDOC prison officials are taking affirmative steps to ensure proper legal training will be provided and plaintiff will have ample opportunity to bring his skills to the requisite level for such a position.  Plaintiff has not been deprived of any substantive rights.

The contention that this court "totally disregarded plaintiff's initial cause of action", that the prison's failure to provide him with notice of mail restrictions, is also unfounded.  Plaintiff's earlier assertions were directed against defendant Brown, under a theory of respondeat superior.  As discussed in this court's previous order, plaintiff's claims against defendant Brown regarding mail restrictions did not state a claim for which relief could be granted.  To bring a complaint against supervisory officials under § 1983, definite action by the supervisor must be shown.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or

---

[2] The position that Plaintiff is referring to requires the individual to obtain TABE test results showing an 11th grade reading and math level, or a high school diploma or college credits. Plaintiff took the test, which he claims not to have needed to do, showing math and reading levels at less than a seventh grade level.

> knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, plaintiff failed to provide any evidence or information to suggest that defendant Brown had any involvement, explicit or implied, in plaintiff's claim. This court previously ruled on the plaintiff's proffered cause of action and did not disregard any of the plaintiff's claims.

Moreover, plaintiff lacked standing to even bring such a claim. Therefore, the issue of whether his mail was improperly restricted is irrelevant. As discussed previously, plaintiff was not incarcerated at the Saginaw County Jail and was not in entitled to avail himself of its grievance process. See U.S. v. Hays, 515 U.S. 737 (1995), Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The Prison Litigation Act of 1995 ("PLRA") requires inmates to exhaust all administrative avenues prior to bringing a federal claim based on prison conditions. 42 U.S.C. § 1997e(a). A prisoner may not bring a civil action, unless administrative remedies have been exhausted. According to the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Sixth Circuit has held in its application of the PLRA that a prisoner filing a § 1983 claim involving prison conditions must allege and show that he has exhausted all available state administrative remedies. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In Baxter v. Rose, 305 F.3d 486, 489 (6th Cir.

4

2002), the Court held that failure to demonstrate exhaustion in the complaint will result in dismissal for failure to state a claim.  Again, plaintiff failed to provide any exhibits or any other proof of exhaustion relating to the mail between plaintiff and the inmates at the Saginaw County Jail.  As such, plaintiff has failed to state a claim for which relief can be granted

  Plaintiff's final contention concerns this court's alleged failure to exercise its pendent jurisdiction over defendant Girard, executive director of Prison Legal Services.  This court has previously found plaintiff's claims against defendant Girard to be unwarranted.  Again, plaintiff's reliance on <u>Cain</u> is fruitless.  See <u>Cain v. Michigan Dept. of Corrections</u>, Case# 88-61119-AZ (Mich. Ct. Claims 2003).  As this court previously determined, the <u>Cain</u> settlement does not specifically state that plaintiff Roger Lyle must be hired as a legal writer.  It merely speaks of the training required of legal writers, and as mentioned above, at this time the MDOC prison officials are taking affirmative steps to ensure that such training is provided.  Plaintiff simply has no federal constitutional claims as to employment as a legal writer in the prison law library, or to any particular prison job or wage.  <u>Newton v. Norris</u>, 888 F.2d 371, 374 (6th Cir. 1989).

  Additionally, plaintiff's earlier reliance on <u>Spruytte v. Hoffner</u>, 181 F.Supp.2d 736, 744 n.7 (W.D.Mich. 2001), was also unwarranted, as <u>Spruytte</u> dealt with retaliatory transfers and assignments to lower paying jobs; a separate and distinct constitutional violation.  This clearly was not the case here and again defendant Girard was properly dismissed from these proceedings.

5

Accordingly, plaintiff's motion for reconsideration is hereby DENIED[3].

**SO ORDERED.**

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 28, 2005, by electronic and/or ordinary mail.

                                       s/Josephine Chaffee
                                       Secretary/Deputy Clerk

---

[3] This opinion is to also serve as a response to correspondence received from the plaintiff on November 4, 2005, inquiring into the status of certain motions.  The court has now issued several opinions finding all of plaintiff's allegations to have failed to state a claim upon which relief can be granted, and thus considers the matter closed.