UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER L. LYLE,

                Plaintiff,

                                    Case No. 04-CV-72684

vs.

                                    HON. GEORGE CARAM STEEH

FRANK OLNEY, et al.,
                Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT, MOTION FOR COURT APPOINTED MEDICAL DOCTOR AND MOTION FOR LEAVE TO AMEND RELATING BACK TO MEDICAL CLAIMS (DOCUMENT # 55), MOTION FOR WRIT OF HABEAS CORPUS AND TESTIFICANDUM (DOCUMENT # 57) AND MOTION FOR FULL OR PARTIAL REINSTATEMENT (DOCUMENT # 58 )

This matter is one in which *pro se* plaintiff Roger Lyle, an inmate currently in custody of the Michigan Department of Corrections, filed suit pursuant to 42 U.S.C. § 1983.

Plaintiff filed his complaint in district court on July 19, 2004, alleging the deprivation of numerous Constitutional rights by defendants.  Plaintiff alleged that: (1) Michigan prison officials denied him adequate medical care; (2) Michigan state and county officials failed to comply with his Freedom of Information Act requests; (3) prison officials failed to take steps to place him in a job as a legal writer; (4) prison officials rejected his request for partial reimbursement after he was charged more for a television than was available for less elsewhere; (5) the bathroom facilities at the Adrian Regional Facility did not afford him adequate privacy from female guards; (6) Michigan officials did not properly handle his prison grievances; (7) Saginaw County officials

denied him grievance forms and interfered with the delivery of his mail addressed to his brother and other inmates at the Saginaw County Jail, and (8) the Executive Director of Prison Legal Services failed to take steps to enforce a settlement agreement in a state class action between prisoners and prison officials. Lyle named thirteen state and county officials, in their individual and official capacities as defendants.

On August 4, 2004, this court entered an order of partial dismissal, dismissing eight defendants pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[1]  Subsequently, the court adopted the magistrate judge's recommendation that plaintiff's request for enforcement of the state class action settlement agreement be denied and claims against three remaining defendants concerning bathroom facilities and their processing of his grievance also be dismissed pursuant to § 1915A.

On September 3, 2004, plaintiff filed a motion for reconsideration and reinstatement of all dismissed defendants (document # 5), which was denied by the court on January 6, 2005. On March 31, 2005, the Magistrate Judge denied plaintiff's motion for leave to amend complaint to add additional defendants, which included Swintec Corporation and Jackson Community College (document # 35). On June 8, 2005, plaintiff filed a motion to compel those entities, Swintec Corporation and Jackson Community College, to produce relevant documents (document # 38). On September 21, 2005, the court adopted the magistrate judge's recommendation that the remaining defendants' motions for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), be granted

---

[1] 28 U.S.C. § 1915A(b)(1) provides, in pertinent part: On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint:
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted...

2

(document # 40). On January 26, 2006, this Court rendered plaintiff's motion to compel as MOOT because all of the remaining claims had been dismissed. On January 26, 2006, this Court also denied plaintiff's Fed. R. Civ. P. 60(b) motion, filed on September 26, 2005, for the same reasons the motion for reconsideration was denied, and because the Court did not find any reason to grant relief from judgment.

Plaintiff appealed these findings and on September 26, 2006, the court of appeals denied plaintiff's motion for an expedited and published decision and affirmed this Court's judgment (document # 54). The court explained that most of plaintiff's claims were properly dismissed due to failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6).  The court further concluded that this Court properly granted the remaining defendants' motions to dismiss.

Despite these orders, plaintiff has filed the following motions: (1) motion for relief from judgment, motion for court appointed expert and motion for leave to amend relating back to medical claims on January 16, 2007; (2) motion for writ of *habeas corpus ad testificandum* on January 30, 2007; and (3) a third motion on February 27, 2007.[2] [3]

---

[2]Document # 58 is entitled: "MOTION FOR FULL OR PARTIAL REINSTATEMENT OF COUNTS I, VII-IX, XI-XIV, AND BOTH AMENDMENT MOTIONS INVOLVING THELMA BOWLES, INCLUDING SALLEY LANGLEY, JACKSON COMMUNITY COLLEGE PRISON COUNSELOR, DIRECTOR IN ACCORDANCE WITH A RECENT UNITED STATES SUPREME COURT DECISION ANNOUNCED IN (JONES v. BOCK, U.S., NO. 05-7058, 1/22/07), CRIMINAL LAW REPORTER, 80 CrL No. 16 PAGE 400-401; BOUNDS V. SMITH, 430 U.S. 817, 822-23 (1977).

[3] The court notes that on March 08, 2007, it received plaintiff's letter inquiring about the status and requesting a hearing on these motions.  Oral hearings on motions for rehearing or reconsideration, motions for reduction of sentence and motions in civil cases where a party is in custody will not be held unless ordered by the assigned judge.  E.D. Mich. LR 7.1(e)(2).  The court does not find cause to depart from this rule here.

3

Given the history of this case as recited above, this court finds plaintiff's motions are meritless and are DENIED.

IT IS SO ORDERED.

Dated:  March 12, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 12, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk